UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODY VOINCHE, )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>EXECUTIVE OFFICE )<br>  OF THE PRESIDENT, et al., )<br>)<br>Defendants. ) | Civil Action No. 06-1272 (RJL) |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pro se Plaintiff Woody Voinche brings the above-captioned matter under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, the "Omnibus Crime Control and Safe Streets Act," 18 U.S.C. §§ 2510-20, the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. §§ 1801-62, and under various unspecified Constitutional provisions. The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because, inter alia, Plaintiff has failed to make a proper and legally cognizable request for records. In support of this Motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities and proposed order.

Respectfully submitted,

　s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney

　s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

　s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney

United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODY VOINCHE, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06-1272 (RJL) |
| ) | |
| EXECUTIVE OFFICE ) | |
| OF THE PRESIDENT, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR A *VAUGHN* INDEX[1]

Pro se Plaintiff Woody Voinche brings the above-captioned matter under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, the "Omnibus Crime Control and Safe Streets Act," 18 U.S.C. §§ 2510-20, the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. §§ 1801-62, and under various unspecified Constitutional provisions. However, the Complaint's allegations and the relief Plaintiff is requesting make it clear that this is a FOIA case. Plaintiff is not seeking damages, but instead the release of certain records. Compl. at ¶ 11. Plaintiff complains that he has not received any response to his "FOIA request to the Whitehouse Freedom of Information Officer." Compl. at ¶ 8. As relief, Plaintiff seeks an order requiring release of certain records, a "Vaughn [sic] index of all records," and "fees and costs." Compl. at ¶ 11.[2]

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

---

[1] Document No. 6.

[2] Of course, since Plaintiff is proceeding pro se, he is not entitled to an award of attorney fees. See, e.g., Benavides v. BOP, 993 F.2d 257 (D.C. Cir.), cert. denied, 510 U.S. 996 (1993) (holding that pro se litigants are not entitled to attorney fees in FOIA cases).

because, inter alia, the President of the United States is not a proper party-defendant in this case and, although the government is subject to suit under the FOIA and Privacy Acts, Plaintiff has failed to make a proper and legally cognizable request for records.

## BACKGROUND

A.  Plaintiff's Complaint.

Despite Plaintiff's laundry-list of purported jurisdictional bases for this lawsuit, Compl. at ¶¶ 1-2, this lawsuit is, at bottom, a FOIA case. See, e.g., Compl. at ¶¶ 3-4 (complaining about request for records). Plaintiff asserts that on January 9, 2006, he sent a FOIA request to the "Whitehouse Freedom of Information Officer for all information the Executive Branch or President Bush has on the Plaintiff . . . [including] the FBI, CIA, NSA, DIA Pentagon, or other branches of government . . . ." Compl. at ¶ 8. The document Plaintiff alleges is his FOIA request is attached to the Complaint as Exhibit 1. The request appears to be an e-mail, but Plaintiff's Complaint also attaches a copy of a United States Postal Service tracking receipt. Compl., Ex. 1.[3] The request is addressed to: "Ms. Barbara Ann Ferguson, Whitehouse Freedom of Information Request, FOIA Officer, Old Executive Office Building, Room 431, Washington, D.C. 20502." Id. The request seeks "any and all information and documents the White House or Executive branch or President George Bush has on myself . . . ." Id.

B.  The Executive Office of the President.

A number of components make up the Executive Office of the President, including the

---

[3] The "request" contains e-mail addresses and appears to have been printed from an e-mail. The U.S. Postal Service Delivery Confirmation Receipt included with the Compl., Ex. 1 does not contain the address of the recipient. "Delivered Jan. 25, 2006" is handwritten on the receipt.

White House Office (also referred to as the Office of the President). Office of the Federal Register, Nat'l Archives and Records Admin., The United States Government Manual 2006/2007 (2006) ("U.S. Gov't Manual") (available at www.wais.access.gpo.gov).[4] See also www.whitehouse.gov/government/eop.html. The White House Office is itself comprised of a number of units, which "serve [] the President in the performance of the many detailed activities incident to his immediate office." Id. at 87. The Executive Office of the President is not itself an "agency" subject to the FOIA, and it does not have a "FOIA Officer." See United States v. Espy, 145 F.3d 1369, 1373 (D.C. Cir. 1998) (holding that EOP is not a discrete "agency" under FOIA).[5] There are certain entities within the Executive Office of the President, such as the Council on Environmental Quality (CEQ) and the Office of Management and Budget (OMB), that are subject to FOIA. Id.[6] However, Plaintiff did not direct his request to any of those entities. Compare id. with Compl., Ex. 1. See also www.whitehouse.gov/government/eop.html.

---

[4] The Court may take judicial notice of the contents of the United States Government Manual and the referenced world wide web pages. F.R.E. 201.

[5] See also www.usdoj.gov/04foia/foiacontacts.htm.

[6] The White House FOIA Handbook lists those offices and entities subject to the FOIA. See www.whitehouse.gov/oa/foia/handbook.html. The EOP entities subject to the FOIA are: Council on Environmental Quality, Office of Administration, Office of Management and Budget, Office of National Drug Control Policy, Office of Science and Technology Policy, and the Office of the United States Trade Representative. The EOP entities not subject to the FOIA are: the White House Office, the Office of the Vice President, the Council of Economic Advisers, the National Security Council, the Office of Policy Development, which includes the Domestic Policy Council, and the President's Foreign Intelligence Advisory Board. Id.

**ARGUMENT**

A.  Standard of Review

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). Moreover, a party seeking to invoke the jurisdiction of a federal court has the burden of establishing that jurisdiction exists. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that the plaintiff can demonstrate no set of facts that support his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court must treat the Complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v.

4

United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

      While a complaint filed by a pro se litigant such as Mr. Voinche is held to a less stringent standard than a pleading drafted by a lawyer, pro se litigants still must comply with the Federal Rules of Civil Procedure.  United States v. Funds from Prudential Securities, 362 F.Supp.2d 75, 82 (D.D.C. 2005) (citing Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C. 1987), which was cited with approval in Moore v. USAID, 994 F.2d 874, 876 (D.C. Cir. 1993)).

B.    The Court Lacks Subject Matter Jurisdiction Over Any Non-FOIA or Privacy Act Claim.

      Plaintiff names as Defendants in this case the President of the United States and the Executive Office of the President.  Compl., caption.  Plaintiff cites a variety of statutory provisions that he alleges the Defendants have violated but the only statutory provisions under which this case arguably could go forward are the FOIA, 5 U.S.C. § 552 and perhaps the access provisions of the Privacy Act, 5 U.S.C. § 552a.  Plaintiff is not seeking an award of damages.  Compl. at ¶ 11.  The relief he is seeking is limited to an order requiring the release of certain records and fees and costs.  Id.

      Each of the other statutory provisions Plaintiff cites at ¶ 2 of the Complaint either concern claims against the government for money damages, or do not themselves waive the United States' sovereign immunity from suit.  It is well-settled that the United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Sherwood, 312 U.S. 584, 586 (1941).  See also United States v. Orleans, 425 U.S. 807 (1976); United States v. Testan, 424 U.S. 392, 399 (1976) ("except as Congress has consented to a cause of action against the United

5

States, 'there is no jurisdiction . . . to entertain suits against the United States'") (quoting United States v. Sherwood, 312 U.S. at 587-88). A waiver of sovereign immunity is a jurisdictional prerequisite to maintaining a lawsuit against the federal government. United States v. Mitchell, 463 U.S. 206 (1983); United States v. Shaw, 309 U.S. 495, 500-01 (1940) (the United States is immune from suit unless it has expressly waived sovereign immunity and consented to be sued). Even when the federal government waives its immunity from suit, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).

    1.    Alleged violations of Federal criminal statutes.

In addition to the FOIA and the Privacy Act, Plaintiff generally references certain Federal statutes concerning surveillance as being the basis for the Court's jurisdiction over this lawsuit. See Compl. at ¶¶ 1, 5 (referencing 18 U.S.C. §§ 2510-20, 50 U.S.C. §§ 1801-62). As explained above, the Federal government is subject to suit only where Congress explicitly has waived its sovereign immunity. In general, federal criminal statutes do not waive the Federal government's immunity from civil lawsuit. Instead, such provisions criminalize certain conduct and allow the Federal government to prosecute violations of those provisions. See, e.g., Buchanan v. City of Bolivar, Tennessee, 99 F.3d 1352 (6th Cir. 1996) (no private right of action for violation of Federal criminal statute).

Here, 18 U.S.C. § 2520 does allow recovery for civil damages, but that provision specifically exempts the United States from such a lawsuit. 18 U.S.C. § 2520(a) (plaintiff "may in a civil action recover from the person or entity, other than the United States, which engaged in that violation . . . ."). Similarly, Plaintiff cannot go forward with any claimed violation of the

FISA.  ACLU Foundation of S. California v. Barr, 952 F.2d 457, 469 (D.C. Cir. 1991), rehearing and rehearing en banc denied ("No provision of FISA authorizes private actions in the federal district courts . . . .Congress gave the FISA Court original and exclusive jurisdiction [of such actions]").  Moreover, Plaintiff has not alleged any conduct falling within 50 U.S.C. §§ 1801 et seq. against the United States, nor has he alleged that he exhausted the applicable administrative remedies for such an action.  18 U.S.C. § 2712(a) (civil action against United States to recover money damages for "willful violation" of FISA, 50 U.S.C. § 1801 et seq).  See also 18 U.S.C. § 2712(b) (requiring administrative claim pursuant to the procedures of the Federal Tort Claims Act as prerequisite to suit against the United States under FISA).

    2.    Plaintiff's allegations concerning alleged Constitutional violations.

Plaintiff's offhand references to unspecified Constitutional provisions have no legal significance.  Complaint at ¶¶ 1, 5.  Plaintiff does not specifically allege any conduct that he claims violates the United States Constitution.   To the extent there are any Constitutional claims in this lawsuit, those claims should be dismissed pursuant to Fed. R. Civ. P. 8(a) for failure to set forth a "short and plain statement of the grounds upon which the court's jurisdiction depends," and for failure to make a "short and plain statement of the claim."

C.    The President of the United States, Even in His Official Capacity, Is Not a Proper Defendant in an Action under the FOIA.

Plaintiff has sued "President George Bush . . . in his official capacity."  Compl. at ¶ 4.  There is a specific waiver of sovereign immunity under FOIA to enjoin "the agency" from noncompliance; there is no waiver as to individual government employees, even in their official

capacities.[7]  5 U.S.C. § 552(a)(4)(B); Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir. 1993); Stone v. Def. Invest. Servs., 816 F. Supp. 782, 785 (D.D.C. 1995); Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991); Sherwood Van Lines, Inc. v. United States Dep't of Navy, 732 F. Supp. 240, 241 (D.D.C. 1990).  More significantly, the United States Supreme Court has held that the President and his immediate office are not subject to the provisions of the FOIA. Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 156 (1980)(the definition of "agency" codified under the FOIA does not include the White House Office).  Thus, the President is not a proper defendant and the Court should dismiss any claims against the President.

D.  Plaintiff Has Failed to Name as a Defendant Any "Agency" Subject to FOIA or the Privacy Act, and Thus the Court Lacks Subject Matter Jurisdiction over the Complaint.

Plaintiff has sued the President of the United States and the Executive Office of the President.  Compl., caption.  The FOIA contains a single narrowly worded remedial provision, 5 U.S.C. § 552(a)(4)(B).  Under this provision, a requester of documents may only challenge an agency's withholding of requested documents.  The statute provides:

> On complaint, the district court of the United States in the district where the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B).

Thus, as the Supreme Court has held, to establish jurisdiction under this section, the complainant must show that:

---

[7] In addition, as explained below, the "Whitehouse" is not subject to the FOIA.

>the agency has (1) improperly; (2) withheld; (3) agency records.  Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by section 552, if the agency has contravened all three components of this obligation.

Kissinger v. Reporters Committee For Freedom of the Press, 445 U.S. 136, 150 (1980).  Accord Department of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) ("federal jurisdiction is dependent" on the three Kissinger criteria and "unless each of these criteria is met, a district court lacks jurisdiction to devise remedies" under the FOIA).

That is, the "FOIA grants the district court limited jurisdiction.  In assessing whether the district court has jurisdiction over a FOIA lawsuit, "the court must determine whether the defendant agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"  Consumer Federation of America v. USDA, 455 F.3d 283, 287 (D.C. Cir. 2006)(citing Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980)).

In Kissinger, 445 U.S. at 156, The United States Supreme Court held that the definition of "agency" codified in the FOIA -- and which the Privacy Act incorporates by reference[8] -- does not include the White House Office.  The FOIA defines "agency" as:

>any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of Government (including the Executive Office of the President), or any independent regulatory agency.

5 U.S.C. § 552(f).  Congress explained when it adopted this definition that its purpose was to

---

[8] 5 U.S.C. § 552a(a)(1).  Specifically, subsection 552a(a)(1) states that, for purposes of the Privacy Act, "the term 'agency' means agency as defined in section 552(e)" of Title 5, U.S.C.  Until 1986, the FOIA's definition of "agency" was codified at 5 U.S.C. § 552(e), but the Anti-Drug Abuse Act of 1986, Pub. L. 99-570, § 1802(b), 100 Stat. 3207-10, 3207-48, recodified the definition (without substantive change) at 5 U.S.C. § 552(f).  No technical conforming amendment was made to the Privacy Act.  See Dong v. Smithsonian Institution, 878 F. Supp. 244, 245 (D.D.C. 1996).

codify the result in Soucie v. David, 448 F.2d 1067 (D.C. Cir. 1971), which held that the term "agency" under the Administrative Procedure Act does not include units within EOP whose "sole function [is] to advise and assist the President." Id. at 1073-75.  Likewise, for purposes of defining "agency" under the FOIA, Congress stated that EOP does not include "the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President."  H.R. Rep. No. 1380, 93d Cong., 2d Sess. 14-15 (1974); S. Rep. No. 1200, 93d Cong., 2d Sess. 15 (1974), reprinted in 1974 U.S. Code Cong. & Admin. News 6267, 6285. Thus, as Kissinger held,

> [t]he legislative history is unambiguous . . . in explaining that the "Executive Office" does not include the Office of the President [and] . . . that "the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President" are not included within the term "agency" under the FOIA.

445 U.S. at 156 (citation omitted; emphasis added).

Since Kissinger, the Court of Appeals has extended this analysis, holding that the President and White House offices are not subject to FOIA.  For example, the Court of Appeals has held that the Office of the President, the White House, and the Executive Office of the President are not "agencies" for purposes of the FOIA.  United States v. Espy, 145 F.3d 1369, 1373 (D.C. Cir. 1998) (holding that EOP is not a discrete "agency" under FOIA); Meyer v. Bush, 981 F.2d 1288, 1293 n.3 (D.C. Cir. 1993) (records generated by White House staff are exempt from FOIA); National Security Archive v. Archivist of the United States, 909 F.2d 541, 545 (D.C. Cir. 1990) (the White House is not an "agency" subject to FOIA).  Similarly, the majority of judges in this district to reach this issue have held that EOP is not subject to the Privacy Act. Tripp v. Executive Office of the President, 200 F.R.D. 140, 143-45 (D.D.C. 2001) (reviewing

10

cases and holding that EOP is not subject to the Privacy Act).

E.  In the Alternative, Plaintiff Has Failed to Exhaust Any FOIA Claims Because He Did Not Make a Request to any Entity Subject to the FOIA.

First, Plaintiff has failed to exhaust his administrative remedies by failing to tender a proper FOIA request to an "agency" subject to FOIA.  Plaintiff asserts that on January 9, 2006, he sent a FOIA request to the "Whitehouse Freedom of Information Officer for all information the Executive Branch or President Bush has on the Plaintiff [including] the FBI, CIA, NSA, DIA Pentagon, or other branches of government . . . ."  Compl. at ¶ 8.  There is no "Whitehouse Freedom of Information Officer."  See www.usdoj.gov/04foia/foiacontacts.htm.  Similarly, any FOIA request directed to EOP would be improper, since the EOP itself is not subject to the FOIA.  See United States v. Espy, 145 F.3d 1369, 1373 (D.C. Cir. 1998) (observing that the entire EOP has never been considered a discrete "agency" under FOIA).

Exhaustion of administrative remedies is a prerequisite under FOIA.  See Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Stebbins v. Nationwide Mutual Ins. Co., 757 F.2d 364, 366 (D.C. Cir. 1985).  A FOIA/Privacy Act requester is deemed to have failed to exhaust administrative remedies whenever the requester fails to comply with the administrative procedures set forth under the FOIA/Privacy Act, including: (1) providing a request to the particular office identified in the agency's FOIA/Privacy Act regulations, Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995); (2) providing the agency the required proof of identity, Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (3) reasonably describing the records sought, Gillin v. I.R.S., 980 F.2d 819, 822-23 (1st Cir. 1992); (4) complying with fee requirements, Trueblood v. United States Dep't of Treasury,

943 F. Supp. 64, 68 (D.D.C. 1996); and (5) administratively appealing a denial of records, Oglesby, 920 F.2d at 61. See also 5 U.S.C. § 552(a)(3) (requests must be made "in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed . . . .").

Where a FOIA/Privacy Act plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal. See Oglesby 920 F.2d at 61; accord Hidalgo v. FBI, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003). Since Plaintiff has failed to comply with the first prerequisite for a FOIA claim as set forth immediately above, namely providing a request to an entity subject to the FOIA, Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995), his Complaint should be dismissed.

Second, even if Plaintiff had submitted a proper request to EOP (which, as explained above, is not subject to the FOIA), he could only obtain "agency" records. That is, the records must be held by the "agency" and under the agency's control. Thus, Plaintiff cannot get records from federal agencies, like the CIA and DOD, to which he did not submit a request, simply because of his purported request directed to the White House. Plaintiff's Complaint claims that on January 9, 2006, he sent a FOIA request to the "Whitehouse Freedom of Information Officer for all information the Executive Branch or President Bush has on the Plaintiff . . . [including] the FBI, CIA, NSA, DIA Pentagon, or other branches of government . . . ." Compl. at ¶ 8. It is well settled that the requested records must be in the "control" of the agency to which the request is submitted. Consumer Federation, 455 F.3d at 290.

12

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss the Complaint with prejudice.

Respectfully submitted,

    s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney

    s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of October, 2006, a true and correct copy of the foregoing Motion to Dismiss was served upon pro se Plaintiff via First Class prepaid postage as follows:

**WOODY VOINCHE
1132 N. Main Street
Marksville, LA 71351**

                                                  /s Peter S. Smith
                                            PETER S. SMITH, D.C. Bar #465131
                                            Assistant United States Attorney
                                            United States Attorney's Office
                                            Judiciary Center Building
                                            555 4th Street, N.W., 10th Floor
                                            Washington, D.C. 20530
                                            (202) 307-0372