UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODY VOINCHE, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06-1272 (RJL) |
| ) | |
| EXECUTIVE OFFICE ) | |
| OF THE PRESIDENT, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pro se Plaintiff Woody Voinche brings the above-captioned matter under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, the "Omnibus Crime Control and Safe Streets Act," 18 U.S.C. §§ 2510-20, the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. §§ 1801-62, and under various unspecified Constitutional provisions.  Despite Plaintiff's laundry-list of purported jurisdictional bases for this lawsuit, Compl. at ¶¶ 1-2, this lawsuit is, at bottom, a FOIA case.  See, e.g., Compl. at ¶¶ 3-4 (complaining about request for records); Compl. at ¶ 8 (concerning "FOIA request to the Whitehouse Freedom of Information Officer.").  Plaintiff's three-page Opposition, Document No. 9, confirms that his Complaint is a FOIA lawsuit.  Opp. at 1-2 (addressing FOIA issues only).

Defendants' Memorandum of Points and Authorities in Support of Their Motion to Dismiss (Memorandum) explained that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because the President of the United States is not a proper party-defendant in this case and because Plaintiff failed to make a proper and legally cognizable request for records.  Plaintiff's Opposition fails to rebut Defendants' motion.  In fact, Plaintiff

fails even to respond to many of the points raised in Defendants' Memorandum.[1]

Plaintiff argues in his Opposition that he has made a proper FOIA request to the "Whitehouse" because certain entities within the White House are subject to FOIA, such as the Council on Environmental Quality (CEQ).  Opp. at 1.  Plaintiff simply repeats the information presented in the "Background" section of Defendants' Memorandum.  The salient point is that Plaintiff did not direct a FOIA request to any of the entities within the Executive Office of the President that are subject to the FOIA.  Nor does Plaintiff contend that any of those entities, such as CEQ, would have the records he is seeking.  Instead, Plaintiff claims that on January 9, 2006, he sent a FOIA request to the "Whitehouse Freedom of Information Officer for all information the Executive Branch or President Bush has on the Plaintiff . . . [including] the FBI, CIA, NSA, DIA Pentagon, or other branches of government . . . ."  Compl. at ¶ 8.  Plaintiff lists the same address and contact information in his Opposition, Opp. at 1, claiming that since the request was received, that he "made a proper and legally cognizable request for records."  Opp. at 2.[2]

First, there is no "Whitehouse Freedom of Information Officer" and Plaintiff's contact

---

[1] To the extent that the Court deems Plaintiff to be raising any non-FOIA claim, the Court should grant Defendants' motion because Plaintiff effectively has conceded those claims by failing to respond to Defendants' Memorandum.  See, e.g., Def. Memo. at 6 (explaining that federal criminal statutes do not create a civil cause of action).  In addition, Plaintiff has failed to respond to Defendants' explanation that President Bush is not a proper party defendant in this lawsuit, Def. Memo. at 7, and that Plaintiff cannot obtain records from federal agencies like the CIA because he has not directed a FOIA request to those agencies.  Def. Memo. at 12.  Thus, the Court should grant Defendants' motion as conceded as to these issues or claims.  See e.g., Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) (failure to respond may result in dismissal of action).

[2] Of course, as explained in Defendants' Memorandum, Plaintiff cannot get "all information the Executive Branch . . . has on the Plaintiff" from the White House.  Rather, for those entities that are subject to the FOIA, he must follow each particular agency's FOIA regulations.  See 5 U.S.C. § 552(a)(3).

information is erroneous.  See www.usdoj.gov/04foia/foiacontacts.htm.  As explained in detail in Defendants' Memorandum, the Executive Office of the President is not itself an "agency" subject to the FOIA, and it does not have a "FOIA Officer."  See United States v. Espy, 145 F.3d 1369, 1373 (D.C. Cir. 1998) ("And it has never been thought that the whole Executive Office of the President could be considered a discrete agency under FOIA.").[3]  See also Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 156 (1980)(the definition of "agency" codified under the FOIA does not include the White House Office); Meyer v. Bush, 981 F.2d 1288, 1293 n.3 (D.C. Cir. 1993) (records generated by White House staff are exempt from FOIA); National Security Archive v. Archivist of the United States, 909 F.2d 541, 545 (D.C. Cir. 1990) (the White House is not an "agency" subject to FOIA).

   Second, Plaintiff's Opposition's reference to a website as authority for the address and contact to whom he purportedly sent his FOIA request is woefully outdated.  See Pl. Attachment 1 at 1 (printed from http://clinton4.nara.gov/WH/EOP/OSTP/html/foia.html).  Although Plaintiff's Complaint alleges that he sent his FOIA request to the "Whitehouse" in January, 2006, the web page Plaintiff claims to have relied upon pertains to the Clinton administration.  Id.  The current White House website is: www.whitehouse.gov.  The fact of the latter is evident from Plaintiff's Opposition itself.  Pl. Opp., Attachment 3 at 1 (Plaintiff's March 27, 2004 e-mail to the White House, with response from WhiteHouse.gov).  However, Plaintiff did not follow the FOIA procedures specified on the current White House website.

   As explained in Defendants' Memorandum, the FOIA grants the district court limited jurisdiction over "improperly" withheld "agency records."  Consumer Federation of America v.

---

[3] See also www.usdoj.gov/04foia/foiacontacts.htm.

USDA, 455 F.3d 283, 287 (D.C. Cir. 2006)(citing Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980)). Plaintiff has the burden of establishing that jurisdiction exists. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998). Since Plaintiff has not made a proper FOIA request, the Court lacks subject matter jurisdiction over this lawsuit.

In the alternative, because Plaintiff has not made a proper FOIA request, he has failed to exhaust his administrative remedies and his Complaint should be dismissed. See 5 U.S.C. § 552(a)(3) (requests must be made "in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed . . . ."); Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995) (exhaustion of administrative remedies requires proper FOIA request).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss the Complaint with prejudice.

Respectfully submitted,

    s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney

    s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 30th day of October, 2006, a true and correct copy of the foregoing Reply in Support of Defendants' Motion to Dismiss was served upon pro se Plaintiff via First Class prepaid postage as follows:

**WOODY VOINCHE**
**1132 N. Main Street**
**Marksville, LA 71351**

       /s Peter S. Smith
PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372