UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODY VOINCHE, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06-1272 (RJL) |
| ) | Request Oral Argument on Motion |
| EXECUTIVE OFFICE ) | |
| OF THE PRESIDENT, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S "ANSWER TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION," DOCUMENT NO. 11 AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

On December 1, 2006, the Clerk's Office filed Plaintiff's "Answer to Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint," Document No. 11. Defendants, through their undersigned attorneys, respectfully move to strike Document No. 11 from the docket of this case. Plaintiff has not moved for leave to file a surreply. Even if he were now to do so, such a motion should be denied because Plaintiff's unauthorized filing does not meet the test for the filing of a surreply.[1] The undersigned has attempted to contact pro se Plaintiff to confer with him about the relief requested in this Motion. The undersigned was unable to reach Plaintiff at the telephone number listed in the Complaint.[2]

---

[1] Currently pending before the Court is Defendants' Motion to Dismiss filed on October 6, 2006 (Docket # 7), to which Plaintiff filed an opposition on October 18, 2006 (Docket # 9), and to which Defendants filed their reply on October 30, 2006 (Docket # 10).

[2] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing counsel." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis

**ARGUMENT**

Defendants moved to dismiss the Complaint and that motion is fully briefed. The Court's Local Rules do not permit filings after the reply in support of a motion. LCvR 7. Since Plaintiff has failed to move the Court for leave to file Document No. 11, the Court should strike that pleading from the docket of this case. Pursuant to Fed. R. Civ. P. 12(f), a party may move to strike from any pleading any "redundant, immaterial, impertinent, or scandalous matter." Plaintiff's filing, Document No. 11, is "redundant" of his opposition and his failure to move the Court for leave to file it renders that document "immaterial." Id.

Moreover, even if Plaintiff were to now move the Court for leave to file a surreply or a supplemental opposition, that motion should be denied. Plaintiff's Document No. 11 does not meet the applicable standard for the filing of a surreply. A court may grant a party leave to file a surreply when the "party making the motion [for leave to file a surreply] would be unable to contest matters presented to the court for the first time in the opposing party's reply." Robinson v. The Detroit News, Inc., 211 F.Supp.2d 101, 113 (D.D.C. 2002) (quoting Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C. 2001)). Plaintiff does not identify any arguments Defendants made for the first time in their reply. Instead, Plaintiff's filing merely supplements his opposition with new arguments that he could have made in his opposition to Defendants' motion.[3]

added).

---

[3] For example, Plaintiff argues that the address to which he sent his FOIA request is "similar or the same as" the FOIA contact for the Office of Science Technology and Policy (OSTP). Document 11 at 2. As explained in Defendants' reply, Plaintiff must follow the applicable regulations in submitting a FOIA request. Since he did not do so, he has failed to exhaust his administrative remedies. Moreover, as explained in Defendants' reply, Plaintiff does not say that OSTP is likely to have the records he requested.

2

In the alternative, the court should allow Defendants the opportunity to address Plaintiff's new arguments in a substantive filing. Finally, in connection with LCvR 7(f), Defendants request oral argument on this Motion in order that all issues any party seeks to raise in this proceeding may be addressed at that time and the case may be submitted for the Court's consideration without additional filings and without further delay.

## CONCLUSION

For the foregoing reasons, the Court should enter an order directing the Clerk of the Court to strike Document No. 11 from the docket for this case.

Respectfully submitted,

　　s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney

　　s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

　　s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of December, 2006, a true and correct copy of the foregoing Motion to Strike was served upon pro se Plaintiff via First Class prepaid postage as follows:

**WOODY VOINCHE**
**1132 N. Main Street**
**Marksville, LA 71351**

                                                      /s Peter S. Smith
                                                      PETER S. SMITH, D.C. Bar #465131
                                                      Assistant United States Attorney
                                                      United States Attorney's Office
                                                      Civil Division
                                                      555 4th Street, N.W.
                                                      Washington, D.C. 20530
                                                      (202) 307-0372