UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| WOODY VOINCHE ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. Action No. 06cv1272 (RJL) |
| v. ) | |
| ) | |
| EXECUTIVE OFFICE OF THE ) | |
| PRESIDENT, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(June 11, 2007)[#7]

Woody Voinche, proceeding *pro se*, has sued the Executive Office of the President ("EOTP") and President George Bush seeking to compel the production of certain records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552(a), the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510-20, the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 1801-62, and the Constitution. Currently before the Court is the Government's motion to dismiss the complaint for, *inter alia*, lack of subject matter jurisdiction. After review of the pleadings and the applicable law, the Government's motion is GRANTED.

## I. BACKGROUND

On January 9, 2006, plaintiff e-mailed Barbara Ann Ferguson, who Mr. Voinche claims is the White House FOIA officer, requesting all information about Mr. Voinche that the President had received from the FBI, CIA, NSA, DIA, Pentagon or other

branches of government." Compl. p. 2. Mr. Voinche claims to have mailed a paper copy of the e-mail at a later date. Compl. Ex. 1.

Having received no response from the White House, Mr. Voinche brought this suit in July 2006. The Government subsequently moved to dismiss the complaint pursuant to Rule 12(b)(1) arguing that the Court lacks subject matter jurisdiction over Mr. Voinche's claims. For the following reasons, the Court agrees.

## II. STANDARD OF REVIEW

Under Rule 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Lindsey v. United States*, 448 F.Supp.2d 37, 42 (D.D.C.2006) (quoting *Erby v. United States*, 424 F.Supp.2d 180, 182 (D.D.C.2006)). "The [C]ourt, in turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Id.* at 42-43 (alteration in original) (quoting *Abu Ali v. Gonzales*, 387 F.Supp.2d 16, 17 (D.D.C.2005)).

## III. ANALYSIS

Mr. Voinche has sued the Government pursuant to FOIA, the Privacy Act, the Omnibus Crime Control and Safe Streets Act and FISA. None of these statutes, however, provides plaintiff a cause of action in this Court.[1]

Although the Omnibus Crime Control and Safe Streets Act allows for the recovery

---

[1] Plaintiff has also sued alleging unspecified Constitutional violations. As he has failed to enumerate what Constitutional provisions have been violated, his Constitutional claims will be dismissed.

of civil damages, the United States is specifically exempted. 18 U.S.C. § 2520. Accordingly, plaintiff's Section 2520 claims must be dismissed.

FISA, in contrast, does allow for suits against the United States, but requires plaintiffs to file an administrative claim (in accordance with the procedures in the Federal Tort Claims Act) with the agency in question before bringing suit. 18 U.S.C. § 2712(b). As there is no indication that plaintiff filed such a claim, Mr. Voinche failed to exhaust his administrative remedies prior to filing suit. Accordingly, the Court is without subject matter jurisdiction over Mr. Voinche's claims.

The Court is likewise without subject matter jurisdiction over plaintiff's FOIA and Privacy Act claims. Here Mr. Voinche directed his FOIA request at Barbara Ferguson, "White House Freedom of Information Officer." Not only does no such position exist, but the Executive Office of the President (which the Court assumes Mr. Voinche was directing his request towards), is not a discrete agency subject to either FOIA or the Privacy Act.[2] *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 156 (1980); *Tripp v. Executive Office of the President,* 200 F.R.D. 140 (D.D.C. 2001); *United States v. Espy*, 145 F.3d 1369, 1373 (D.C. Cir. 1998). Accordingly, the Court is also without subject matter jurisdiction to hear these claims.

---

[2] Although certain entities within the Executive Office of the President might be subject to FOIA, Mr. Voinche failed to address his request to these agencies.

## IV. CONCLUSION

For the reasons stated above, defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

_____
RICHARD J. LEON
United States District Judge